(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.  2177CV00166

Joaquin A. Arias Cocco, as the Personal Representative, Plaintiff(s)
of the Estate of Gabriel Arias Caceres

v.

Greater Lawrence Family Health Center, et al.................. , Defendant(s)

## SUMMONS

To the above named Defendant: Greater Lawrence Family Health Center

You are hereby summoned and required to serve upon  Elizabeth Mulvey of Crowe & Mulvey, LLP ,

plaintiff's attorney, whose address is 77 Franklin St., 3rd fl., Boston, MA 02110 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence, MA  either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
8th    day of  March , in the year of our Lord two thousand  twenty-one

Thomas H. Driscoll Jr.

TRUE ATTEST COPY

*Clerk*

DEPUTY SHERIFF

LS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ , 20 ___ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____ , 20 ___ .        _____

N.B.   TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

|  |
|---|
| , 20 . |

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss:

SUPERIOR COURT
CIVIL ACTION
No.   2177CV00166

Joaquin A. Arias Cocco, as Personal Representative
of the Estate of [Castillo]el Arias Caceres
Plaintiff(s)

v.

Greater Lawrence Family Health Center, et al
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>**2177CV00166** | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Joaquin A. Arias Cocco Personal Representative for the Estate of Gabriel Arias Caceres vs. Glatfelter, M.D., Karen E. et al | Thomas H. Driscoll, Jr., Clerk of Courts |
|---|---|
| TO: Greater Lawrence Family Health Center<br>No addresses available | COURT NAME & ADDRESS<br>Essex County Superior Court - Lawrence<br>43 Appleton Way<br>Lawrence, MA 01841 |

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                    **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/25/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 06/24/2021 | |
| All motions under MRCP 12, 19, and 20 | 06/24/2021 | 07/26/2021 | 08/23/2021 |
| All motions under MRCP 15 | 04/20/2022 | 05/20/2022 | 05/20/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/14/2023 | | |
| All motions under MRCP 56 | 03/16/2023 | 04/17/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/14/2023 |
| Case shall be resolved and judgment shall issue by | | | 02/26/2024 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to      Lawrence Superior Court- D Session

| DATE ISSUED<br>02/24/2021 | ASSISTANT CLERK<br>**Debra Vernava** | PHONE<br>**(978)242-1900** |
|---|---|---|

Date/Time Printed: 02-24-2021 13:23:32

SCV026i 08/2018

COMMONWEALTH OF MASSACHUSETTS

ESSEX COUNTY, SS

CIVIL ACTION
No.: 2177CV-

---

JOAQUIN A. ARIAS COCCO, AS THE
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GABRIEL ARIAS CACERES,
PLAINTIFF,

v.

KAREN E. GLATFELTER, M.D.,
MICHELLE M. BARLOW, M.D.,
ZOE BECKER, M.D.,
SUMANA G. SETTY, M.D.,
GREATER LAWRENCE FAMILY
HEALTH CENTER AND
LAWRENCE GENERAL HOSPITAL,
    DEFENDANTS.

---

## PLAINTIFF'S COMPLAINT

### *COUNT I*

*1.*     The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.*     The Defendant, Karen E. Glatfelter, M.D., was at all times relevant to this complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principle place of business at Lawrence General Hospital, 1 General Street, Lawrence, Essex County, Massachusetts, 01841.

*3.*     This action is brought to recover for the death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

*4.*     At all times relevant to this complaint, the Defendant, Karen E. Glatfelter, M.D., represented and held herself out to be a skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

5.      In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant, Karen E. Glatfelter, M.D., who negligently and carelessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

6.      The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the Defendant, Karen E. Glatfelter, M.D., including but not limited to the following:

     **a.**     her misrepresentations to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018;

     **b.**     her failure to adequately and properly diagnose the medical condition of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018, and her failure to properly treat said condition;

     **c.**     her failure to recognize, or to have the knowledge to recognize, her inability and lack of skill to treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, when she knew or should have known of the foreseeable consequences of her inability and failure to properly and skillfully provide them with acceptable medical care and treatment;

     **d.**     her failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing her specialty;

     **e.**     her failure to inform and to warn of the risks involved in or associated with the Plaintiff's decedent's mother, Ileana L. Caceres Medrano's, and the Plaintiff's decedent, Gabriel Arias Caceres's, conditions and failure to inform and to warn about the treatment of said conditions.

7.      As a direct and proximate result of the Defendant, Karen E. Glatfelter, M.D.'s negligence, carelessness and unskillfulness, Gabriel Arias Caceres suffered a premature and preventable death on August 5, 2018.

     WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant,

Karen E. Glatfelter, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT II.

*1.* The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count I above, as if expressly rewritten and set forth herein.

*2.* This action is brought to recover for the conscious pain and suffering of the decedent, Gabriel Arias Caceres.

*3.* As the direct and proximate result of the carelessness and negligence of the Defendant, Karen E. Glatfelter, M.D., Gabriel Arias Caceres was caused to suffer consciously up to and including the time of his death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Karen E. Glatfelter, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT III.

*1.* The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.* The Defendant, Karen E. Glatfelter, M.D., was at all times relevant to this complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principle place of business at Lawrence General Hospital, 1 General Street, Lawrence, Essex County, Massachusetts, 01841.

*3.* This action is brought to recover for the wrongful death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c.229 §1 et seq.

*4.* At all times relevant to this complaint, the Defendant, Karen E. Glatfelter, M.D., represented and held herself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

*5.* In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant, Karen E. Glatfelter, M.D., who negligently, carelessly and recklessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel

Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

6.      The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the Defendant, Karen E. Glatfelter, M.D., or by the gross negligence of the Defendant in or about August 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Karen E. Glatfelter, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT IV.

1.      The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count I, Paragraphs One through Three of Count II, and Paragraphs One through Six of Count III above, as if expressly rewritten and set forth herein.

2.      In or about August 2018, average qualified members of the medical profession practicing the Defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

3.      In or about August 2018, the Defendant, Karen E. Glatfelter, M.D., knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

4.      In or about August 2018, the Defendant, Karen E. Glatfelter, M.D., did not inform the Plaintiff, Joaquin A. Arias Cocco, or the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

5.      If the Defendant, Karen E. Glatfelter, M.D., had informed the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, neither the Plaintiff and/or the Plaintiff's decedent's mother, nor a reasonable person in his/her position, would have elected the Defendant's choice of treatment.

4

*6.*     The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff,  Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and a reasonable person in his/her position, as to whether to undergo the Defendant's choice of treatment.

*7.*     The death of Gabriel Arias Caceres and the damage to his estate, including but not limited to his funeral and burial expenses, were the direct and proximate result of the Defendant, Karen E. Glatfelter, M.D.'s, failure to obtain the informed consent of the Plaintiff and the Plaintiff's decedent's mother.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Karen E. Glatfelter, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT V.

*1.*     The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count I, Paragraphs One through Three of Count II, Paragraphs One through Six of Count III, and Paragraphs One through Seven of Count IV above, as if expressly rewritten and set forth herein.

*2.*     This action is brought to recover for the conscious pain and suffering of the Plaintiff decedent, Gabriel Arias Caceres.

*3.*     As the direct and proximate result of the Defendant, Karen E. Glatfelter, M.D.'s failure to inform the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff's decedent, Gabriel Arias Caceres, was caused to suffer consciously up to and including the time of his death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Karen E. Glatfelter, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT VI.

*1.*     The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.*     The Defendant, Michelle M. Barlow, M.D., was at all times relevant to this complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principle

5

place of business at Greater Lawrence Family Health Center, 34 Haverhill Street, Lawrence, Essex County, Massachusetts, 01841.

3.      This action is brought to recover for the death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

4.      At all times relevant to this complaint, the Defendant, Michelle M. Barlow, M.D., represented and held herself out to be a skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

5.      In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant, Michelle M. Barlow, M.D., who negligently and carelessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

6.      The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the Defendant, Michelle M. Barlow, M.D., including but not limited to the following:

    a.      her misrepresentations to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018;

    b.      her failure to adequately and properly diagnose the medical condition of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018, and her failure to properly treat said condition;

    c.      her failure to recognize, or to have the knowledge to recognize, her inability and lack of skill to treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, when she knew or should have known of the foreseeable consequences of her inability and failure to properly and skillfully provide them with acceptable medical care and treatment;

6

d.    her failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing her specialty;

e.    her failure to inform and to warn of the risks involved in or associated with the Plaintiff's decedent's mother, Ileana L. Caceres Medrano's, and the Plaintiff's decedent, Gabriel Arias Caceres's, conditions and failure to inform and to warn about the treatment of said conditions.

7.    As a direct and proximate result of the Defendant, Michelle M. Barlow, M.D.'s negligence, carelessness and unskillfulness, Gabriel Arias Caceres suffered a premature and preventable death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Michelle M. Barlow, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT VII.

1.    The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VI above, as if expressly rewritten and set forth herein.

2.    This action is brought to recover for the conscious pain and suffering of the decedent, Gabriel Arias Caceres.

3.    As the direct and proximate result of the carelessness and negligence of the Defendant, Michelle M. Barlow, M.D., Gabriel Arias Caceres was caused to suffer consciously up to and including the time of his death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Michelle M. Barlow, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT VIII.

1.    The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

2.    The Defendant, Michelle M. Barlow, M.D., was at all times relevant to this complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principle place of business at Greater Lawrence Family Health Center, 34 Haverhill Street, Lawrence, Essex County, Massachusetts, 01841.

7

*3.*　　This action is brought to recover for the wrongful death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c.229 §1 et seq.

*4.*　　At all times relevant to this complaint, the Defendant, Michelle M. Barlow, M.D., represented and held herself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

*5.*　　In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant, Michelle M. Barlow, M.D., who negligently, carelessly and recklessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

*6.*　　The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the Defendant, Michelle M. Barlow, M.D., or by the gross negligence of the Defendant in or about August 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Michelle M. Barlow, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT IIX.

*1.*　　The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VI, Paragraphs One through Three of Count VII, and Paragraphs One through Six of Count VIII above, as if expressly rewritten and set forth herein.

*2.*　　In or about August 2018, average qualified members of the medical profession practicing the Defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*3.*　　In or about August 2018, the Defendant, Michelle M. Barlow, M.D., knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

8

*4.*     In or about August 2018, the Defendant, Michelle M. Barlow, M.D., did not inform the Plaintiff, Joaquin A. Arias Cocco, or the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*5.*     If the Defendant, Michelle M. Barlow, M.D., had informed the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, neither the Plaintiff and/or the Plaintiff's decedent's mother, nor a reasonable person in his/her position, would have elected the Defendant's choice of treatment.

*6.*     The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and a reasonable person in his/her position, as to whether to undergo the Defendant's choice of treatment.

*7.*     The death of Gabriel Arias Caceres and the damage to his estate, including but not limited to his funeral and burial expenses, were the direct and proximate result of the Defendant, Michelle M. Barlow, M.D.'s, failure to obtain the informed consent of the Plaintiff and the Plaintiff's decedent's mother.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Michelle M. Barlow, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT X.

*1.*     The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count VI, Paragraphs One through Three of Count VII, Paragraphs One through Six of Count VIII, and Paragraphs One through Seven of Count IX above, as if expressly rewritten and set forth herein.

*2.*     This action is brought to recover for the conscious pain and suffering of the Plaintiff decedent, Gabriel Arias Caceres.

*3.*     As the direct and proximate result of the Defendant, Michelle M. Barlow, M.D.'s failure to inform the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff's decedent, Gabriel Arias Caceres, was caused to suffer consciously up to and including the time of his death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Michelle M. Barlow, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## *COUNT XI.*

*1.*     The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.*     The Defendant, Zoe Becker, M.D., was at all times relevant to this complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principle place of business at Greater Lawrence Family Health Center, 34 Haverhill Street, Lawrence, Essex County, Massachusetts, 01841.

*3.*     This action is brought to recover for the death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

*4.*     At all times relevant to this complaint, the Defendant, Zoe Becker, M.D., represented and held herself out to be a skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff and the Plaintiff's decedent's mother that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

*5.*     In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant, Zoe Becker, M.D., who negligently and carelessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

*6.*     The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the Defendant, Zoe Becker, M.D., including but not limited to the following:

    **a.**     her misrepresentations to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018;

    **b.**     her failure to adequately and properly diagnose the medical condition of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's

decedent, Gabriel Arias Caceres, in or about August 2018, and her failure to properly treat said condition;

c.     her failure to recognize, or to have the knowledge to recognize, her inability and lack of skill to treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, when she knew or should have known of the foreseeable consequences of her inability and failure to properly and skillfully provide them with acceptable medical care and treatment;

d.     her failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing her specialty;

e.     her failure to inform and to warn of the risks involved in or associated with the Plaintiff's decedent's mother, Ileana L. Caceres Medrano's, and the Plaintiff's decedent, Gabriel Arias Caceres's, conditions and failure to inform and to warn about the treatment of said conditions.

7.     As a direct and proximate result of the Defendant, Zoe Becker, M.D.'s negligence, carelessness and unskillfulness, Gabriel Arias Caceres suffered a premature and preventable death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Zoe Becker, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XII.

1.     The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XI above, as if expressly rewritten and set forth herein.

2.     This action is brought to recover for the conscious pain and suffering of the decedent, Gabriel Arias Caceres.

3.     As the direct and proximate result of the carelessness and negligence of the Defendant, Zoe Becker, M.D., Gabriel Arias Caceres was caused to suffer consciously up to and including the time of his death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Zoe Becker, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

11

## COUNT XIII.

*1.*     The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.*     The Defendant, Zoe Becker, M.D., was at all times relevant to this complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principle place of business at Greater Lawrence Family Health Center, 34 Haverhill Street, Lawrence, Essex County, Massachusetts, 01841.

*3.*     This action is brought to recover for the wrongful death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c.229 §1 et seq.

*4.*     At all times relevant to this complaint, the Defendant, Zoe Becker, M.D., represented and held herself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

*5.*     In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant, Zoe Becker, M.D., who negligently, carelessly and recklessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

*6.*     The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the Defendant, Zoe Becker, M.D., or by the gross negligence of the Defendant in or about August 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Zoe Becker, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XIV.

*1.*     The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XI, Paragraphs One through Three of Count XII, and Paragraphs One through Six of Count XIII above, as if expressly rewritten and set forth herein.

2.      In or about August 2018, average qualified members of the medical profession practicing the Defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

3.      In or about August 2018, the Defendant, Zoe Becker, M.D., knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

4.      In or about August 2018, the Defendant, Zoe Becker, M.D., did not inform the Plaintiff, Joaquin A. Arias Cocco, or the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

5.      If the Defendant, Zoe Becker, M.D., had informed the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, neither the Plaintiff and/or the Plaintiff's decedent's mother, nor a reasonable person in his/her position, would have elected the Defendant's choice of treatment.

6.      The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and a reasonable person in his/her position, as to whether to undergo the Defendant's choice of treatment.

7.      The death of Gabriel Arias Caceres and the damage to his estate, including but not limited to his funeral and burial expenses, were the direct and proximate result of the Defendant, Zoe Becker, M.D.'s, failure to obtain the informed consent of the Plaintiff and the Plaintiff's decedent's mother.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Zoe Becker, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XV.

1.      The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XI, Paragraphs One through Three of Count XII, Paragraphs One through Six of Count XIII, and Paragraphs One through Seven of Count XIV above, as if expressly rewritten and set forth herein.

13

*2.*      This action is brought to recover for the conscious pain and suffering of the Plaintiff decedent, Gabriel Arias Caceres.

*3.*      As the direct and proximate result of the Defendant, Zoe Becker, M.D.'s failure to inform the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff's decedent, Gabriel Arias Caceres, was caused to suffer consciously up to and including the time of his death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Zoe Becker, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XVI.

*1.*      The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.*      The Defendant, Sumana G. Setty, M.D., was at all times relevant to this complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principle place of business at Greater Lawrence Family Health Center, 34 Haverhill Street, Lawrence, Essex County, Massachusetts, 01841.

*3.*      This action is brought to recover for the death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

*4.*      At all times relevant to this complaint, the Defendant, Sumana G. Setty, M.D., represented and held herself out to be a skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

*5.*      In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant, Sumana G. Setty, M.D., who negligently and carelessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

*6.*      The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the Defendant, Sumana G. Setty, M.D., including but not limited to the following:

a.     her misrepresentations to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018;

b.     her failure to adequately and properly diagnose the medical condition of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018, and her failure to properly treat said condition;

c.     her failure to recognize, or to have the knowledge to recognize, her inability and lack of skill to treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, when she knew or should have known of the foreseeable consequences of her inability and failure to properly and skillfully provide them with acceptable medical care and treatment;

d.     her failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing her specialty;

e.     her failure to inform and to warn of the risks involved in or associated with the Plaintiff's decedent's other, Ileana L. Caceres Medrano's, and the Plaintiff's decedent, Gabriel Arias Caceres's, conditions and failure to inform and to warn about the treatment of said conditions.

7.     As a direct and proximate result of the Defendant, Sumana G. Setty, M.D.'s negligence, carelessness and unskillfulness, Gabriel Arias Caceres suffered a premature and preventable death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Sumana G. Setty, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XVII.

1.     The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XVI above, as if expressly rewritten and set forth herein.

2.     This action is brought to recover for the conscious pain and suffering of the decedent, Gabriel Arias Caceres.

15

*3.*      As the direct and proximate result of the carelessness and negligence of the Defendant, Sumana G. Setty, M.D., Gabriel Arias Caceres was caused to suffer consciously up to and including the time of his death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Sumana G. Setty, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XVIII.

*1.*      The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.*      The Defendant, Sumana G. Setty, M.D., was at all times relevant to this complaint a physician licensed to practice medicine in the Commonwealth of Massachusetts, with a principle place of business at Greater Lawrence Family Health Center, 34 Haverhill Street, Lawrence, Essex County, Massachusetts, 01841.

*3.*      This action is brought to recover for the wrongful death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c.229 §1 et seq.

*4.*      At all times relevant to this complaint, the Defendant, Sumana G. Setty, M.D., represented and held herself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that she was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

*5.*      In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant, Sumana G. Setty, M.D., who negligently, carelessly and recklessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

*6.*      The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the Defendant, Sumana G. Setty, M.D., or by the gross negligence of the Defendant in or about August 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant,

Sumana G. Setty, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## *COUNT XIX.*

*1.*      The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XVI, Paragraphs One through Three of Count XVII, and Paragraphs One through Six of Count XVIII above, as if expressly rewritten and set forth herein.

*2.*      In or about August 2018, average qualified members of the medical profession practicing the Defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*3.*      In or about August 2018, the Defendant, Sumana G. Setty, M.D., knew or should have known of the risks, potential consequences and alternatives to the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*4.*      In or about August 2018, the Defendant, Sumana G. Setty, M.D., did not inform the Plaintiff, Joaquin A. Arias Cocco, or the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*5.*      If the Defendant, Sumana G. Setty, M.D., had informed the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, neither the Plaintiff and/or the Plaintiff's decedent's mother, nor a reasonable person in his/her position, would have elected the Defendant's choice of treatment.

*6.*      The alternatives to and the risks and potential consequences of the Defendant's choice of treatment were material to a decision by the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and a reasonable person in his/her position, as to whether to undergo the Defendant's choice of treatment.

*7.*      The death of Gabriel Arias Caceres and the damage to his estate, including but not limited to his funeral and burial expenses, were the direct and proximate result of the Defendant, Sumana G. Setty, M.D.'s, failure to obtain the informed consent of the Plaintiff and the Plaintiff's decedent's mother.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Sumana G. Setty, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XX.

*1.*      The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XVI, Paragraphs One through Three of Count XVII, Paragraphs One through Six of Count XVIII, and Paragraphs One through Seven of Count XIX above, as if expressly rewritten and set forth herein.

*2.*      This action is brought to recover for the conscious pain and suffering of the Plaintiff decedent, Gabriel Arias Caceres.

*3.*      As the direct and proximate result of the Defendant, Sumana G. Setty, M.D.'s failure to inform the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant's treatment, the Plaintiff's decedent, Gabriel Arias Caceres, was caused to suffer consciously up to and including the time of his death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant, Sumana G. Setty, M.D., for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XXI.

*1.*      The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.*      The Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 34 Haverhill Street, Lawrence, Essex County, Massachusetts, 01841.

*3.*      This action is brought to recover for the death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

*4.*      At all times relevant to this complaint, the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, represented and held itself out to be a skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that it was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's

decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

5.       In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, who negligently and carelessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

6.       The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, including but not limited to the following:

   a.       its misrepresentations to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that it was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018;

   b.       its failure to adequately and properly diagnose the medical condition of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018, and its failure to properly treat said condition;

   c.       its failure to recognize, or to have the knowledge to recognize, its inability and lack of skill to treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, when it knew or should have known of the foreseeable consequences of its inability and failure to properly and skillfully provide them with acceptable medical care and treatment;

   d.       its failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing its specialty;

   e.       its failure to inform and to warn of the risks involved in or associated with the Plaintiff's decedent's mother, Ileana L. Caceres Medrano's, and the Plaintiff's decedent, Gabriel Arias Caceres's, conditions and its failure to inform and to warn about the treatment of said conditions.

7.     As a direct and proximate result of the Defendant Corporation, Greater Lawrence Family Health Center's, negligence, carelessness and unskillfulness, Gabriel Arias Caceres suffered a premature and preventable death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XXII.

1.     The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXI above, as if expressly rewritten and set forth herein.

2.     This action is brought to recover for the conscious pain and suffering of the decedent, Gabriel Arias Caceres.

3.     As the direct and proximate result of the carelessness and negligence of the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, Gabriel Arias Caceres was caused to suffer consciously up to and including the time of his death.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XXIII.

1.     The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

2.     The Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 34 Haverhill Street, Lawrence, Essex County, Massachusetts, 01841.

3.     This action is brought to recover for the wrongful death of Gabriel Arias Caceres for the benefit of her next of kin, pursuant to M.G.L.A. c.229 §1 et seq.

*4.*       At all times relevant to this complaint, the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, that it was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

*5.*       In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, who negligently, carelessly, and recklessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

*6.*       The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to, his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, or by the gross negligence of the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, in or about August 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## *COUNT XXIV.*

*1.*       The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXI, Paragraphs One through Three of Count XXII, and Paragraphs One through Six of Count XXIII above, as if expressly rewritten and set forth herein.

*2.*       In or about August 2018, average qualified members of the medical profession practicing the Defendant Corporation's specialty knew or should have known of the risks, potential consequences and alternatives to the Defendant Corporation's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*3.*       In or about August 2018, the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, knew or should have known of the risks,

21

potential consequences and alternatives to the Defendant Corporation's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres.

*4.*       In or about August 2018, the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, did not inform the Plaintiff, Joaquin A. Arias Cocco, or the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant Corporation's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*5.*       If the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, had informed the Plaintiff, Joaquin A. Arias Cocco, or the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant Corporation's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, neither the Plaintiff nor the Plaintiff's decedents' mother nor a reasonable person in his/her position, would have elected the Defendant Corporation's choice of treatment.

*6.*       The alternatives to and the risks and potential consequences of the Defendant Corporation's choice of treatment were material to a decision by the Plaintiff, Joaquin A. Arias Cocco, the Plaintiff's decedents' mother, Ileana L. Caceres Medrano, and/or a reasonable person in his/her position, as to whether to undergo the Defendant Corporation's choice of treatment.

*7.*       The death of Gabriel Arias Caceres and the damage to his estate, including but not limited to his funeral and burial expenses, were the direct and proximate result of the Defendant Corporation, Greater Lawrence Family Health Center's, failure to obtain the informed consent of the Plaintiff and the Plaintiff's decedent's mother.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## *COUNT XXV.*

*1.*       The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXI, Paragraphs One through Three of Count XXII, Paragraphs One through Six of Count XXIII, and Paragraphs One through Seven of Count XXIV above, as if expressly rewritten and set forth herein.

*2.*       This action is brought to recover for the conscious pain and suffering of the Plaintiff decedent, Gabriel Arias Caceres.

*3.*      As the direct and proximate result of the Defendant Corporation, Greater Lawrence Family Health Center's, through its agents, servants and employees, failure to inform the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant Corporation's treatment, the Plaintiff's decedent, Gabriel Arias Caceres, was caused to suffer consciously up to and including the time of his death.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Greater Lawrence Family Health Center, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## *COUNT XXVI*

*1.*      The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

*2.*      The Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 1 General Street, Lawrence, Essex County, Massachusetts, 01841.

*3.*      This action is brought to recover for the death of Gabriel Arias Caceres for the benefit of his next of kin, pursuant to M.G.L.A. c. 229 §1 et seq.

*4.*      At all times relevant to this complaint, the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, represented and held itself out to be a skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that it was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

*5.*      In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, who negligently and carelessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

*6.*      The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, including

23

but not limited to the following:

    **a.**    its misrepresentations to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, that it was knowledgeable, skillful and competent to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018;

    **b.**    its failure to adequately and properly diagnose the medical condition of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018, and its failure to properly treat said condition;

    **c.**    its failure to recognize, or to have the knowledge to recognize, its inability and lack of skill to treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, when it knew or should have known of the foreseeable consequences of its inability and failure to properly and skillfully provide them with acceptable medical care and treatment;

    **d.**    its failure to possess and exercise that degree of skill, training and care as is possessed and exercised by the average qualified members of the medical profession practicing its specialty;

    **e.**    its failure to inform and to warn of the risks involved in or associated with the Plaintiff's decedent's mother, Ileana L. Caceres Medrano's, and the Plaintiff's decedent, Gabriel Arias Caceres's, conditions and its failure to inform and to warn about the treatment of said conditions.

*7.*    As a direct and proximate result of the Defendant Corporation, Lawrence General Hospital's, negligence, carelessness and unskillfulness, Gabriel Arias Caceres suffered a premature and preventable death on August 5, 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XXVII.

*1.*    The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXVI above, as if expressly rewritten and set forth herein.

2.      This action is brought to recover for the conscious pain and suffering of the decedent, Gabriel Arias Caceres.

3.      As the direct and proximate result of the carelessness and negligence of the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, Gabriel Arias Caceres was caused to suffer consciously up to and including the time of his death.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XXVIII.

1.      The Plaintiff, Joaquin A. Arias Cocco, is the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, and a resident of Lawrence, Essex County, Massachusetts.

2.      The Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, was at all times relevant to this complaint a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business at 1 General Street, Lawrence, Essex County, Massachusetts, 01841.

3.      This action is brought to recover for the wrongful death of Gabriel Arias Caceres for the benefit of her next of kin, pursuant to M.G.L.A. c.229 §1 et seq.

4.      At all times relevant to this complaint, the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, represented and held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, that it was knowledgeable, competent and qualified to diagnose and treat the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or about August 2018.

5.      In or about August 2018, the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, submitted herself to the care and treatment of the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, who negligently, carelessly, and recklessly and without regard for the health and well-being of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres, in a manner which resulted in the Plaintiff decedent's death on August 5, 2018.

6.      The death of Gabriel Arias Caceres, and the damage to his estate, including, but not limited to, his funeral and burial expenses, were the direct and proximate result of the malicious, willful, wanton or reckless conduct of the Defendant Corporation, Lawrence General Hospital,

through its agents, servants and employees, or by the gross negligence of the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, in or about August 2018.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## COUNT XXIX.

*1.*     The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXVI, Paragraphs One through Three of Count XXVII, and Paragraphs One through Six of Count XXVIII above, as if expressly rewritten and set forth herein.

*2.*     In or about August 2018, average qualified members of the medical profession practicing the Defendant Corporation's specialty knew or should have known of the risks, potential consequences and alternatives to the Defendant Corporation's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*3.*     In or about August 2018, the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, knew or should have known of the risks, potential consequences and alternatives to the Defendant Corporation's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and Plaintiff's decedent, Gabriel Arias Caceres.

*4.*     In or about August 2018, the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, did not inform the Plaintiff, Joaquin A. Arias Cocco, or the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant Corporation's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres.

*5.*     If the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, had informed the Plaintiff, Joaquin A. Arias Cocco, or the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant Corporation's choice of treatment of the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, neither the Plaintiff nor the Plaintiff's decedents' mother nor a reasonable person in his/her position, would have elected the Defendant Corporation's choice of treatment.

*6.*    The alternatives to and the risks and potential consequences of the Defendant Corporation's choice of treatment were material to a decision by the Plaintiff, Joaquin A. Arias Cocco, the Plaintiff's decedents' mother, Ileana L. Caceres Medrano, and/or a reasonable person in his/her position, as to whether to undergo the Defendant Corporation's choice of treatment.

*7.*    The death of Gabriel Arias Caceres and the damage to his estate, including but not limited to his funeral and burial expenses, were the direct and proximate result of the Defendant Corporation, Lawrence General Hospital's, failure to obtain the informed consent of the Plaintiff and the Plaintiff's decedent's mother.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

## *COUNT XXX.*

*1.*    The Plaintiff, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, repeats and reavers all of the allegations contained in Paragraphs One through Seven of Count XXVI, Paragraphs One through Three of Count XXVII, Paragraphs One through Six of Count XXVIII, and Paragraphs One through Seven of Count XXIX above, as if expressly rewritten and set forth herein.

*2.*    This action is brought to recover for the conscious pain and suffering of the Plaintiff decedent, Gabriel Arias Caceres.

*3.*    As the direct and proximate result of the Defendant Corporation, Lawrence General Hospital's, through its agents, servants and employees, failure to inform the Plaintiff, Joaquin A. Arias Cocco, and the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, of the alternatives to and risks and potential consequences of the Defendant Corporation's treatment, the Plaintiff's decedent, Gabriel Arias Caceres, was caused to suffer consciously up to and including the time of his death.

WHEREFORE, THE PLAINTIFF, Joaquin A. Arias Cocco, as the duly appointed Personal Representative of the Estate of Gabriel Arias Caceres, prays judgment against the Defendant Corporation, Lawrence General Hospital, through its agents, servants and employees, for the above-described wrongful death, damage to the estate and loss of consortium to the next of kin, together with interest and costs.

*PLAINTIFF CLAIMS TRIAL BY JURY.*

27

RESPECTFULLY SUBMITTED,
*THE PLAINTIFF,*
*JOAQUIN A. ARIAS COCCO,*
AS THE PERSONAL REPRESENTATIVE OF THE
ESTATE OF GABRIEL ARIAS CACERES,
BY HIS ATTORNEYS,


ELIZABETH N. MULVEY
B.B.O. #: 542091
FLORENCE A. CAREY
B.B.O. #: 554422
CROWE AND MULVEY, L.L.P.
77 FRANKLIN STREET, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110
TEL: 617-426-4488
FAX: 617-426-5511
fcarey@croweandmulvey.com

28

COMMONWEALTH OF MASSACHUSETTS

ESSEX COUNTY, SS                                    CIVIL ACTION
                                                   NO.: 2177CV-

---

JOAQUIN A. ARIAS COCCO, AS THE
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GABRIEL ARIAS CACERES,
        PLAINTIFF,

V.

KAREN E. GLATFELTER, M.D.,
MICHELLE M. BARLOW, M.D.,
ZOE BECKER, M.D.,
SUMANA G. SETTY, M.D.,
GREATER LAWRENCE FAMILY
HEALTH CENTER AND
LAWRENCE GENERAL HOSPITAL,
        DEFENDANTS.

---

## PLAINTIFF'S STATEMENT PURSUANT TO RULE 29

NOW COMES THE PLAINTIFF, Joaquin A. Arias Cocco, as the Personal Representative of

the Estate of Gabriel Arias Caceres, who seeks to recover from the Defendants, Karen E.

Glatfelter, M.D., Michelle M. Barlow, M.D., Zoe Becker, M.D., Sumana G. Setty, M.D., Greater

Lawrence Family Health Center, through its agents, servants and employees, and Lawrence

General Hospital, through its agents, servants and employees.  The Plaintiff alleges that the

Defendants were negligent in their medical care and treatment of the Plaintiff's decedent's

mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, in or

about August 2018.

Specifically, the Plaintiff alleges, to a reasonable degree of medical certainty, that the Defendants' medical care and treatment failed to comply with the accepted standard of care when:

**Karen E. Glatfelter, M.D.**

The Defendant, Karen E. Glatfelter, M.D., treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, on 8/4/2018. Around 09:00, Dr. Glatfelter was aware of, or should have been aware of, the clear evidence of fetal hypoxia on the EFM. These signs included a fetal heart pattern with recurrent decelerations and minimal/absent variability. These findings were indications that the infant was in a severely hypoxic environment and needed immediate operative delivery by cesarean section as the mother was still remote from a vaginal birth.

Instead, Dr. Glatfelter continued to treat Ms. Caceres Medrano and Gabriel with no plan to deliver at that time by cesarean section, even adding contraindicated Pitocin. It was below the accepted standard of care for Dr. Glatfelter to fail to perform a cesarean section and deliver Gabriel by around 09:30. By 10:10, the contractions were irregular and the Pitocin was mistakenly restarted. The fetal heart tracings were still very indicative of fetal hypoxia. By 11:02, maternal blood pressure was 173/142. At 11:19, there was still no progress in labor.

Again, a cesarean section should have been performed but, instead, a vacuum delivery was attempted, further delaying the delivery and adding to the fetal hypoxia. The decision to perform a cesarean section was finally made. Gabriel was delivered at 12:31 on 8/4/2018. Gabriel had no respirations and poor tone on delivery. He was very mottled. Gabriel was diagnosed with severe encephalopathy, consistent with the delay of three hours in removing him

2

from the hypoxic intrauterine environment. Gabriel died on 8/5/2018 as a direct result of the severe encephalopathic injuries he sustained.

## Michelle M. Barlow, M.D.

The Defendant, Michelle M. Barlow, M.D., treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, on 8/4/2018. Dr. Barlow is documented as being in the room at 09:57. Around 09:00, the infant's heart rate pattern showed indications that he was not tolerating labor and needed to be delivered by cesarean section. Dr. Barlow failed to perform a cesarean section at the time she became involved in the care, which was below the accepted standard of care. Dr. Barlow continued to be involved in the care of Ms. Caceres Medrano and Gabriel until the time of delivery. Gabriel had fetal tachycardia, bradycardia and late decelerations. Ms. Caceres Medrano had increased blood pressure and heart rate. It was below the standard of care to delay performing a cesarean section until 12:31. As a direct result of the delay in performing a cesarean section, Gabriel sustained severe encephalopathy and died on 8/5/2018.

## Zoe Becker, M.D.

The Defendant, Zoe Becker, M.D., treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, on 8/4/2018. Dr. Becker was involved in the care of Ms. Caceres Medrano and Gabriel the morning of 8/4/2018. It was below the standard of care to fail to perform a cesarean section soon after 09:00 (for all of the reasons previously stated above). The infant was not tolerating labor and needed to be delivered as soon as possible. It was below the standard of care to fail to perform a cesarean section until 12:31. As a result of the delay in performing a cesarean section, Gabriel sustained severe encephalopathy and died on 8/5/2018.

3

**Sumana G. Setty, M.D.**

The Defendant, Sumana G. Setty, M.D., treated the Plaintiff's decedent's mother, Ileana L. Caceres Medrano, and the Plaintiff's decedent, Gabriel Arias Caceres, on 8/4/2018. Dr. Setty was involved in the care of Ms. Caceres Medrano and Gabriel the morning of 8/4/2018. It was below the standard of care to fail to perform a cesarean section soon after 09:00 (for all of the reasons previously stated above). The infant was compromised and needed to be delivered as soon as possible after 09:00. It was below the standard of care for Dr. Setty to fail to perform a cesarean section until 12:31. As a result of the delay in performing a cesarean section, Gabriel sustained severe encephalopathy and died on 8/5/2018.

After Gabriel was delivered, he was subsequently diagnosed with severe hypoxic ischemic encephalopathy. At birth, Gabriel had poor tone and no respirations. Initial neonatal assessment was "Term infant with severe neonatal encephalopathy and severe metabolic acidosis requiring assisted ventilation," A post-mortem found the cause of death as caput succedaneum and hemorrhage, edematous brain and maturing brain with ischemic/hypoxic change in hippocampus.

As a direct result of the Defendants' failures to abide by the accepted standard of medical care and treatment, Gabriel died on 8/5/2018 as a direct result of the severe encephalopathic injuries he sustained.

In the event of recovery, the Plaintiff believes and therefore avers that recovery will be in excess of fifty thousand dollars ($50,000).

The Plaintiff reserves the right to introduce further evidence at trial.

4

RESPECTFULLY SUBMITTED,
*THE PLAINTIFF,*
JOAQUIN A. ARIAS COCCO, AS THE
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GABRIEL ARIAS CACERES,
BY HIS ATTORNEYS,

ELIZABETH N. MULVEY
B.B.O. #: 542091
FLORENCE A. CAREY
B.B.O. #: 554422
CROWE AND MULVEY, L.L.P.
77 FRANKLIN STREET, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110
TELEPHONE: 617-426-442000
fcarey@croweandmulvey.com

5

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Joaquin A. Aria Cocco, as Pers. Rep of Estate of Gabriel Arias Caceres

**ADDRESS:**

**COUNTY** Essex

**DEFENDANT(S):** Karen E. Glatfelter, M.D., Michelle M. Barlow, M.D., Zoe Becker, M.D.,

Sumana G Setty, M.d., Greater Lawrence Family Health Center and Lawrence General Hospital

**ATTORNEY:** Elizabeth N. Mulvey and Florence A. Carey

**ADDRESS:** Crowe and Mulvey, LLP, 77 Franklin Street, 3rd Floor

Boston, MA 02110

**ADDRESS:**

**BBO:** 542091 and 554422

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B06 | Medical Malpractice | A | ☒ YES   ☐ NO |

*If "Other" please describe:

**Is there a claim under G.L. c. 93A?**
☐ YES   ☐ NO

**Is this a class action under Mass. R. Civ. P. 23?**
☐ YES   ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................................ $_____
  2. Total doctor expenses ............................................................................................................... $_____
  3. Total chiropractic expenses ....................................................................................................... $_____
  4. Total physical therapy expenses ............................................................................................... $_____
  5. Total other expenses (describe below) ...................................................................................... $_____
  Subtotal (A): $_____
B. Documented lost wages and compensation to date ............................................................................... $_____
C. Documented property damages to date ................................................................................................. $_____
D. Reasonably anticipated future medical and hospital expenses .............................................................. $_____
E. Reasonably anticipated lost wages ....................................................................................................... $_____
F. Other documented items of damages (describe below) .......................................................................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$See Rule 29

### CONTRACT CLAIMS
(attach additional sheets as necessary)
☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

**Signature of Attorney/ Unrepresented Plaintiff: X**            **Date:**

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** *Elizabeth N. Mulvey*
*/s/ Florence A. Carey*            **Date:** Feb 10, 2021

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc.                          (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc.                          (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc.                          (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, MBTA, etc.  (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials                   (F)
A02 Goods Sold and Delivered                         (F)
A03 Commercial Paper                                 (F)
A04 Employment Contract                              (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1         (F)
A08 Insurance Contract                               (F)
A08 Sale or Lease of Real Estate                     (F)
A12 Construction Dispute                             (A)
A14 Interpleader                                     (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities                              (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc.                         (A)
BB1 Shareholder Derivative                           (A)
BB2 Securities Transactions                          (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc.           (A)
BD1 Intellectual Property                            (A)
BD2 Proprietary Information or Trade
    Secrets                                          (A)
BG1 Financial Institutions/Funds                     (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws                                  (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract       (A)
D02 Reach and Apply                          (F)
D03 Injunction                               (F)
D04 Reform/ Cancel Instrument                (F)
D05 Equitable Replevin                       (F)
D06 Contribution or Indemnification          (F)
D07 Imposition of a Trust                    (A)
D08 Minority Shareholder's Suit              (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting                               (A)
D11 Enforcement of Restrictive Covenant      (F)
D12 Dissolution of a Partnership             (F)
D13 Declaratory Judgment, G.L. c. 231A       (A)
D14 Dissolution of a Corporation             (F)
D99 Other Equity Action                      (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an
    Incarcerated Party                       (A)
PB1 Tortious Action involving an
    Incarcerated Party                       (A)
PC1 Real Property Action involving an
    Incarcerated Party                       (F)
PD1 Equity Action involving an
    Incarcerated Party                       (F)
PE1 Administrative Action involving an
    Incarcerated Party                       (A)

### TR Torts

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage                   (F)
B04 Other Negligence - Personal
    Injury/Property  Damage                  (F)
B05 Products Liability                       (A)
B06 Malpractice - Medical                    (A)
B07 Malpractice - Other                      (A)
B08 Wrongful Death - Non-medical             (A)
B15 Defamation                               (A)
B19 Asbestos                                 (A)
B20 Personal Injury - Slip & Fall            (F)
B21 Environmental                            (F)
B22 Employment Discrimination                (F)
BE1 Fraud, Business Torts, etc.              (A)
B99 Other Tortious Action                    (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential            (X)
S02 Summary Process - Commercial/
    Non-residential                          (F)

### RP Real Property

C01 Land Taking                              (F)
C02 Zoning Appeal, G.L. c. 40A               (F)
C03 Dispute Concerning Title                 (F)
C04 Foreclosure of a Mortgage                (X)
C05 Condominium Lien & Charges               (X)
C99 Other Real Property Action               (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding             (X)
E97 Prisoner Habeas Corpus                   (X)
E22 Lottery Assignment, G.L. c. 10, § 28     (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A   (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
    G.L. c. 30A                              (X)
E03 Certiorari Action, G.L. c. 249, § 4      (X)
E05 Confirmation of Arbitration Awards       (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9      (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8      (X)
E08 Appointment of a Receiver                (X)
E09 Construction Surety Bond, G.L. c. 149,
    §§ 29, 29A                               (A)
E10 Summary Process Appeal                   (X)
E11 Worker's Compensation                    (X)
E16 Auto Surcharge Appeal                    (X)
E17 Civil Rights Act, G.L. c.12, § 11H       (A)
E24 Appeal from District Court
    Commitment, G.L. c.123, § 9(b)           (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56            (X)
E95 Forfeiture, G.L. c. 94C, § 47            (F)
E99 Other Administrative Action
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231, § 60B                       (F)
Z02 Appeal Bond Denial                       (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12       (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)       (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

ESSEX COUNTY, SS

CIVIL ACTION
NO.: 2177CV00166

---

JOAQUIN A. ARIAS COCCO, AS THE
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GABRIEL ARIAS CACERES,
    PLAINTIFF,

V.

KAREN E. GLATFELTER, M.D.,
MICHELLE M. BARLOW, M.D.,
ZOE BECKER, M.D.,
SUMANA G. SETTY, M.D.,
GREATER LAWRENCE FAMILY
HEALTH CENTER AND
LAWRENCE GENERAL HOSPITAL,
    DEFENDANTS.

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT, GREATER LAWRENCE FAMILY HEALTH CENTER

NOW COMES the Plaintiff, Joaquin A. Arias Cocco, by his attorneys, who hereby propound the following Interrogatories to the Defendant, Greater Lawrence Family Health Center, pursuant to Rule 33 of the Massachusetts Rules of Civil Procedure.

    * "you and your" refers to the Defendant, Greater Lawrence Family Health Center, through its agents, servants and employees

    * "Plaintiff" refers to Joaquin A. Arias Cocco (Father)

    * "Plaintiff's Decedent's mother" refers to Ileana L. Caceres Medrano (Mother)

    * "Plaintiff's Decedent" refers to Gabriel Arias Caceres (Baby)

1.    Please identify yourself fully, by stating your full name, date of birth, residential and business address, your occupation and the position you hold for the Defendant, Greater Lawrence Family Health Center.

2.    Please identify the physician, nurse, servant, employee or representative of the Defendant, Greater Lawrence Family Health Center, with the most knowledge of the Plaintiff's Decedent's mother's treatment, as well as the Plaintiff's Decedent's treatment, by the Defendant, Greater Lawrence Family Health Center, giving name, address and occupation of such person.

3.    Please identify each physician, nurse, agent, servant, employee, representative and independent contractor who rendered treatment to the Plaintiff's Decedent mother and the Plaintiff's Decedent on behalf of the Defendant, Greater Lawrence Family Health Center, by stating the full name, title and position held at Greater Lawrence Family Health Center, his/her relationship to Greater Lawrence Family Health Center, and the residential address and detailed description of the services provided by such person to the Plaintiff's Decedent's mother and the Plaintiff's Decedent, and the time when services were rendered.

4.    Describe the employment relationship that existed between each physician, nurse, agent, servant, employee, representative and independent contractor who rendered treatment to the Plaintiff's Decedent's mother and the Plaintiff's Decedent for the Defendant, Greater Lawrence Family Health Center, including the date, time, relationship commenced and the terms of the relationship.

5.    Please describe chronologically the complete employment history of each physician, nurse, agent, servant, employee, representative and independent contractor who rendered treatment to the Plaintiff's Decedent's mother and the Plaintiff's Decedent for the Defendant, Greater Lawrence Family Health Center, commencing with graduation from medical school and continuing to the present, by stating the inclusive dates of each position each has held and the name and address of each employer, e.g., hospital, institution, association, solo practice, etc.

6.    For each and every occasion upon which each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, communicated with the Plaintiff and/or the Plaintiff's Decedent's mother and/or anyone acting on the behalf of the Plaintiff's Decedent, please state separately, as best you can:

(a)    the date, time, place and form of contact (e.g., examination, visit, taking of the Plaintiff's Decedent's mother's medical history, phone conversation, surgery, hospital rounds, etc.);

(b)    the substance and content of everything the Plaintiff, and/or the Plaintiff's Decedent's mother and/or anyone acting on the behalf of the Plaintiff's Decedent said or communicated to the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, including the substance and content of the Plaintiff's Decedent's mother's medical history taken by them;

2

(c)     the substance and content of everything the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, said or communicated to the Plaintiff, and/or the Plaintiff's Decedent's mother and/or anyone acting on behalf of the Plaintiff's Decedent;

(d)     the name and current address of each person, other than the Plaintiff's Decedent's mother and the Plaintiff's Decedent, who was present;

(e)     the substance and contents of all communications between and among the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, regarding the Plaintiff's Decedent's mother and the Plaintiff's Decedent;

(f)     the substance and content of all communications between the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, and other healthcare providers regarding the Plaintiff's Decedent's mother and the Plaintiff's Decedent; and

(g)     the substance and content of all instructions given by the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, to the Plaintiff, and/or the Plaintiff's Decedent's mother and/or anyone acting on behalf of the Plaintiff's Decedent.

7.      For each and every occasion upon which each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, saw, examined and/or treated the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent and/or anyone acting on behalf of the Plaintiff's Decedent, please state separately, as best you can:

(a)     the complete details of each examination the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, performed on the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent, including the findings of each such examination;

(b)     each diagnosis the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, made regarding the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent, including the basis for each such diagnosis;

(c) each alternate diagnosis the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, made or considered with regard to the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent, including the basis for each such alternative diagnosis, and, if appropriate, the reason such diagnosis was rejected;

(d) each diagnostic test the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, performed or considered with regard to the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent, the findings of that test, and, if appropriate, the reason why each such diagnosis was rejected;

(e) each prognosis the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, made regarding the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent, including the basis for each such prognosis;

(f) each course of treatment the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, recommended for the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent, including the basis for each such course of treatment;

(g) a complete description of all treatment the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, administered and/or ordered for the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent; and

(h) the name, address and specialty of each physician the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, contacted with regard to the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent;

8. Please type a transcription of all handwritten notes by the physicians, nurses, agents, servants, employees, representatives or independent contractors associated with the Defendant, Greater Lawrence Family Health Center, regarding the care and treatment provided to the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent.

9. Identify each witness, expert and otherwise, you expect to call at the trial of this action by stating separately for each such witness:

a. his or her name, address and the qualifications which pertain to his or her anticipated testimony;

4

b.    the subject matter on which he or she is expected to testify;

c.    the substance of all facts about which each witness is expected to testify;

d.    all opinions to which each witness is expected to testify and the complete grounds for each such opinion.

10.    Please identify the insurance carrier, policy period and policy limits for all primary and excess insurance policies that provide coverage for the alleged incident including, individual policies and professional organization policies.

11.    State whether any legal actions have been filed against your corporation, its agents, servants, employees or representatives pertaining to injuries allegedly sustained as a result of medical treatment rendered by your corporation, its agents, servants, employees or representatives.

12.    If the answer to the foregoing interrogatory is in the affirmative, state:

a.    The caption, jurisdiction and file number of each such action;

b.    The names and addresses of the plaintiff in each such action;

c.    When and where such action was filed;

d.    The result or present status of each such action; and

e.    Describe the occurrence that resulted in the alleged injury or death which was the basis for the claim in each such action.

13.    a.    Please state whether you contend that the Plaintiff and/or the Plaintiff's Decedent's mother and/or any member of the Plaintiff's Decedent's family in any way caused or contributed to cause the injuries for which recovery is sought, or failed to take action to prevent those injuries.

b.    If the answer to Interrogatory #13(a) is anything other than an unqualified negative, please state in detail everything that forms the basis for your contention.

14.    a.    Please state whether you contend that any person or entity in any way caused or contributed to cause the injuries for which recovery is sought or failed to take action to prevent those injuries.

b.    If the answer to Interrogatory #14(a) is anything other than an unqualified negative, please state in detail everything that forms the basis for your contention.

5

15.   a.      Please state whether the Defendant, Greater Lawrence Family Health Center, contends that any of the defendant physicians in this matter were an agent, servant, employee or representative of the Greater Lawrence Family Health Center.

       b.      Please state in detail everything that forms the basis for your contention that the defendant physicians were or were not an agent, servant, employee or representative of the Defendant, Greater Lawrence Family Health Center.

6

RESPECTFULLY SUBMITTED,
*THE PLAINTIFF,*
*JOAQUIN A. ARIAS COCCO,*
AS THE PERSONAL REPRESENTATIVE OF THE
ESTATE OF GABRIEL ARIAS CACERES,
BY HIS ATTORNEYS,


ELIZABETH N. MULVEY
B.B.O. #: 542091
FLORENCE A. CAREY
B.B.O. #: 554422
CROWE AND MULVEY, L.L.P.
77 FRANKLIN STREET, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110
TEL: 617-426-4488
FAX: 617-426-5511
fcarey@croweandmulvey.com

7

COMMONWEALTH OF MASSACHUSETTS

ESSEX COUNTY, SS

CIVIL ACTION
NO.: 2177CV00166

JOAQUIN A. ARIAS COCCO, AS THE
PERSONAL REPRESENTATIVE OF THE
ESTATE OF GABRIEL ARIAS CACERES,
PLAINTIFF,

V.

KAREN E. GLATFELTER, M.D.,
MICHELLE M. BARLOW, M.D.,
ZOE BECKER, M.D.,
SUMANA G. SETTY, M.D.,
GREATER LAWRENCE FAMILY
HEALTH CENTER AND
LAWRENCE GENERAL HOSPITAL,
DEFENDANTS.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO THE DEFENDANT, GREATER LAWRENCE FAMILY HEALTH

NOW COMES the   Plaintiff, Joaquin A. Arias Cocco, by his attorneys, who hereby propound the following Requests for the Production of Documents to the Defendant, Greater Lawrence Family Health Center, pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, to be produced to the offices of CROWE & MULVEY, LLP, 77 Franklin Street, 3rd Floor, Boston, MA 02110.

* "you and your" refers to the Defendant, Greater Lawrence Family Health Center, through its agents, servants and employees

* "Plaintiff" refers to Joaquin A. Arias Cocco (Father)

* "Plaintiff's Decedent's mother" refers to Ileana L. Caceres Medrano (Mother)

* "Plaintiff's Decedent" refers to Gabriel Arias Caceres (Baby)

1. Any and all office records and notes, examination notes, surgical notes, order sheets, patient histories, admission and discharge summaries, hospital notes and records, films, healthcare provider notes and records, prescriptions, computerized notes and records and any other records or documents pertaining to the Plaintiff's Decedent's mother's care and treatment and/or the Plaintiff's Decedent's care and treatment that each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, authored, wrote, dictated, read or signed.

2. All emails, text messages, electronic messages, instant messages, pages or any other electronic communications with the Plaintiff and/or the Plaintiff's Decedent's mother relating to the Plaintiff's Decedent's mother's care and treatment and/or the Plaintiff's Decedent's care and treatment that each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, authored, wrote, dictated, read or signed.

3. Any and all records, documents, films and any other material pertaining to any and all diagnostic tests performed on the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent, e.g., x-rays, radiologist reports, laboratory analyses, etc., by each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center.

4. Any and all bills for services rendered to the Plaintiff and/or the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent by each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center.

5. Any and all records, documents, correspondence, memoranda or other materials, written or otherwise, regarding Plaintiff's Decedent's mother's care and treatment and/or the Plaintiff's Decedent's care and treatment, that pertain to communications between each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, and:

   a. each other physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center;

   b. any other healthcare providers;

   c. the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent;

   d. the Plaintiff's family and friends and/or the Plaintiff's Decedent's mother's family and friends;

   e. and anyone else.

2

6.  Any and all the documents referred to in request numbers 1-5 above that were authored, written, dictated, read or signed by other healthcare providers and are in any physician, nurse, agent, servant, employee, representative or independent contractor associated with the Defendant, Greater Lawrence Family Health Center's, possession, custody or control. Any and all records, documents or other materials not produced in response to request numbers 1-5 above that pertain in any way to the Plaintiff's Decedent's mother's care and treatment and/or the Plaintiff's Decedent's care and treatment.

7.  Any and all medical articles, journals, treatises, books or texts that each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, who rendered treatment to the Plaintiff's Decedent's mother and/or Plaintiff's Decedent, authored, co-authored or otherwise contributed to.

8.  Any and all medical articles, journals, treatises, books or texts that each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, who rendered treatment to the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent considered to be authoritative in the diagnosis and treatment of the Plaintiff's Decedent's mother's condition and/or the Plaintiff's Decedent's condition.

9.  Any and all medical articles, journals, treatises, books or texts in your possession, custody or control or in the possession, custody or control of each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, who rendered treatment to the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent that discusses the diagnosis or treatment of the Plaintiff's Decedent's mother's condition and/or the Plaintiff's Decedent's condition.

10. Copies of any and all liability insurance policies that operate to provide coverage to each physician, nurse, agent, servant, employee, representative and independent contractor associated with the Defendant, Greater Lawrence Family Health Center, who rendered treatment to the Plaintiff's Decedent's mother and/or the Plaintiff's Decedent, as well as, the Defendant, Greater Lawrence Family Health Center, for personal injury damages arising from circumstances such as those alleged in the Plaintiff's Complaint.

11. All files in the possession of the Defendant, Greater Lawrence Family Health Center, pertaining to any of the Defendant healthcare providers, in this action, including, but not limited to, applications for employment, credentials, reviews, employment references, complaints, notes, etc.

12. The current and complete curriculum vitae of each witness, expert and otherwise, that the Defendant, Greater Lawrence Family Health Center, expects to call at the trial of this action.

3

RESPECTFULLY SUBMITTED,
*THE PLAINTIFF,*
*JOAQUIN A. ARIAS COCCO,*
AS THE PERSONAL REPRESENTATIVE OF THE
ESTATE OF GABRIEL ARIAS CACERES,
BY HIS ATTORNEYS,

ELIZABETH N. MULVEY
B.B.O. #: 542091
FLORENCE A. CAREY
B.B.O. #: 554422
CROWE AND MULVEY, L.L.P.
77 FRANKLIN STREET, 3RD FLOOR
BOSTON, MASSACHUSETTS 02110
TEL: 617-426-4488
FAX: 617-426-5511
fcarey@croweandmulvey.com

4