IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

Joaquin A. Arias Cocco, as the Personal Representative of )
the Estate of Gabriel Arias Caceres, )
 )
    Plaintiff, )
 )
       v. )
 )
Karen E. Glatfelter, M.D., Michelle M. Barlow, M.D., Zoe )
Becker, M.D., Sumana G. Setty, M.D., Greater Lawrence )
Family Health Center, and Lawrence General Hospital, )
 )
    Defendants. )
_____

DECLARATION OF
MEREDITH TORRES

    1.  I am an Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

    2.  The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

    3.  As a consequence, if an administrative tort claim had been filed with the Department with respect to Greater Lawrence Family Health Center, its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Office's database.

    4.  I have caused a search of the Claims Office's database to be conducted and found that an administrative tort claim was filed on July 20, 2020, by Florence A. Carey, an authorized representative for Ileana Caceres Medrano, the Estate of Gabriel Caceres, and Joaquin Arias Cocco, relating to the medical care provided to Ileana Caceres Medrano and Gabriel Arias Caceres. To date, no final

1

determination has been issued on the administrative tort claim and the Plaintiffs have not exhausted their administrative remedies pursuant to 28 U.S.C. § 2675.

5. I have also reviewed official Agency records and determined that Greater Lawrence Family Health Center was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2017, and its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Greater Lawrence Family Health Center by an Assistant Surgeon General, Department of Health and Human Services is attached to this declaration as Exhibit 1.

6. I have also reviewed the employment records submitted by Greater Lawrence Family Health Center on behalf of the defendants, Karen E. Glatfelter, M.D., Michelle M. Barlow, M.D., Zoe Becker, M.D., and Sumana G. Setty, M.D., and I have determined Karen E. Glatfelter, M.D., Michelle M. Barlow, M.D., Zoe Becker, M.D., and Sumana G. Setty, M.D. were employees of Greater Lawrence Family Health Center at all times relevant to the Plaintiff's complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 13th day of April, 2021.

_____
MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services